# Exhibit F

# Exhibit 1

Filed 2/24/2026 5:24 PM
Tammy McBrayer, District Clerk
Hutchinson County, Texas
By:Adessa Francis

CAUSE NO. 46552

| | | |
|---|---|---|
| **TREVOR DRAKE** <br> *Plaintiff* | § § § § § § § | **IN THE DISTRICT COURT** |
| vs. <br> **STOUT RISIUS ROSS, LLC** and **DOUGLAS J. BRICKLEY** | § § § § § § § | **84TH JUDICIAL DISTRICT** |
| *Defendants* | § | **HUTCHINSON COUNTY, TEXAS** |

## PLAINTIFF'S ORIGINAL PETITION, JURY DEMAND, AND RULE 193.7 NOTICE

Plaintiff Trevor Drake (collectively "Plaintiff") file this Original Petition, Jury Demand, and Rule 193.7 Notice against Defendants Stout Risius Ross, LLC and Douglas J. Brickley (collectively "Defendants") and show the following:

### I. DISCOVERY CONTROL PLAN LEVEL

1. Discovery should be conducted under Level 3 of Tex. R. Civ. P. 190.

### II. PARTIES AND SERVICE

2. Plaintiff is an individual who is a resident of Hutchinson County, Texas. Plaintiff may be reached through the undersigned counsel.

3. Defendant Stout Risius Ross, LLC ("Defendant Stout" hereinafter), is a foreign limited liability company registered to conduct business in the State of Texas with its principal office located in Royal Oak, Michigan. Defendant Stout Risius Ross, LLC may be served with process by serving its registered agent, Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company, at the following address: 211 E 7th Street, Suite 620, Austin, Texas 78701. Plaintiff additionally asserts all rights and request relief under Texas Rule of Civil Procedure 28

and demand that Defendant answer in its true name, if it differs from that outlined above. Plaintiff requests a citation.

4. Defendant, Douglas J. Brickley ("Defendant Brickley" hereinafter) is an individual residing in Houston, Harris County, Texas, and may be served at his place of work located at 1000 Main Street, Suite 3200, Houston, Texas 77002 or wherever he may be found. Plaintiff additionally asserts all rights and request relief under Texas Rule of Civil Procedure 28 and demand that Defendant answer in his true name, if it differs from that outlined above. Plaintiff requests a citation.

### III. JURISDICTION AND VENUE

5. The subject matter in controversy is within the jurisdictional limits of this court.

6. This court has personal jurisdiction over the parties because this lawsuit arises out of a tort committed by Defendants in the State of Texas.

7. Venue in Hutchinson County is proper and mandatory in this cause under Section 15.011 of the Texas Civil Practice and Remedies Code because this is a suit for recovery of damages to real property owned by Plaintiff, which is located in Hutchinson County, Texas.

8. This case cannot be removed to federal court because no federal question is present, and diversity jurisdiction does not exist as Defendant Brickley and Plaintiff are all citizens of the State of Texas. *See* 28 U.S.C § 1332(a), § 1441(b)(2). Removal would therefore have no basis in law or fact, and an improper removal would subject Defendants to an award of costs, expenses, and fees, including, but not limited to, attorney's fees under 28 U.S.C. § 1447(c).

### IV. FACTS

9. On July 28, 2023, Polaris Operating LLC (hereinafter "Debtors") filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Southern District of Texas, Houston Division.

10. Prior to the filing of bankruptcy, Polaris, LLC retained Douglas J. Brickley, working for Stout Risius Ross, LLC, to serve as Polaris LLC's Chief Reorganization Officer (CRO).

11. On October 4th, 2023, the powers of Defendant Brickley and Defendant Stout were expanded to include the following:

> ii. oversee all aspects of the management and operations of the Debtors' business, in such manner as the CRO deems necessary or appropriate;
>
> iii. in his sole authority, make decisions with respect to all aspects of management of the Debtors' business including, but not limited to, operations and employment matters and oversight of the bankruptcy process consistent with this Order;

*(Excerpt from Stipulation and Agreed Order Expanding Power and Authority of Chief Restructuring Officer; Filed October 4, 2024, In re Polaris Operating, LLC, et al.)*

12. After Defendants Brickley and Stout's powers were expanded on or about October 4, 2023, they assumed control over the Debtors' business operations, including ongoing operations involving operating equipment. Following the assumption of that control, electrical power was not shut off, and no comprehensive inspection of electrical equipment or distribution lines was conducted before operations resumed. As a result, electrical infrastructure and equipment remained energized and uninspected during a period of heightened risk.

13. On February 26, 2024, at approximately 6:23 p.m., an ignition involving electrical distribution lines occurred at the site of a small pumpjack located approximately four miles east of U.S. Highway 287. The distribution lines passed through the top of a small tree and contacted several limbs, igniting what became known as the Windy Deuce Fire, which rapidly spread and burned more than 144,000 acres across the Texas Panhandle.

14. The resulting uncontrollable destruction caused by the Windy Deuce Fire was catastrophic, causing damage to millions across the state.

15.     Prior to the burning of the fire, the land upon which the power lines sat was owned by Polaris Operating, LLC.

16.     Thus, at the time of the wildfire, wooden poles and power lines were at all relevant times maintained, operated, and/or controlled by Defendants.

17.     The fire occurred as a direct and proximate result of Defendants' negligence. Plaintiff is the owner of property located in Hutchinson County, Texas. As a result of the subject fire and the negligence of Defendants, Plaintiff suffered personal injuries, real property damages, and personal property damages, including but not limited to structural damage and/or complete destruction of everything on their property.

18.     Nothing Plaintiff did or failed to do caused or contributed to the fire or their resulting damages in any way.

## V. NEGLIGENCE AND NEGLIGENCE PER SE AGAINST DEFENDANTS

19.     Plaintiff incorporates all other paragraphs by reference here fully.

20.     Plaintiff would show that the overhead power lines and power poles in question were operated, maintained, and/or controlled by Defendants. As such, Defendants had a duty to construct, install, operate, inspect, maintain, and control the poles, power lines, and the associated equipment and components in a proper and safe manner. Defendants had a duty to cut the power to all wells and have the wells located on Polaris LLC's property properly serviced in order to prevent the fires from occurring. Furthermore, Defendants had a regulatory duty to conform to the National Electric Safety Code and other standards generally accepted by the electric utility industry.

21.     Plaintiff's resulting damages were proximately caused by Defendants' negligent, careless, and reckless disregard of Defendants' duties. The negligent, careless, and reckless disregard of

Defendants' duties consisted of, but is not limited to, the following acts and/or omissions:

a. Failing to comply with applicable safety regulations, industry standards, customs, and best practices with respect to the equipment on Polaris property;

b. Failing to establish, implement, and/or enforce adequate policies and procedures for maintaining, inspecting, repairing, replacing, and/or reporting on the subject power lines, poles, and associated equipment;

c. Failing to properly inspect and report on the subject power lines, poles, and associated equipment;

d. Failing to properly maintain, repair, and/or install the subject power lines, poles, and associated equipment;

e. Failing to trim vegetation on the subsequent oil wells for which Defendants were responsible for;

f. Failing to comply with requirements of the Public Utility Commission of Texas ("Texas PUC"), including storm hardening requirements in Texas Administrative Code § 25.95, and a failure to comply with its plans in that regard filed with the Texas PUC;

g. Failing to comply with Texas Administrative Code § 25.101 and the National Electrical Safety Code, among other regulations and statutes;

h. Failing to properly inspect in order to discover and eliminate dangerous conditions;

i. Failing to cut the power supply to operating equipment on Polaris property;

j. Failing to eliminate the dangerous condition;

k. Failing to warn Plaintiffs and other property owners that a dangerous condition existed;

l. Failing to use ordinary care as reasonable companies would under the same or similar circumstances; and

Such additional acts of negligence, which will be established as this case progresses.

22. Plaintiff further alleges that Defendants are liable under the doctrine of *res ipsa loquitur*. The character of the incident, which forms the basis of this suit, is such that it would not ordinarily occur in the absence of negligence, and Defendants had management and control over the

instrumentality and activity in question.

23.     One, some, or all of the foregoing acts and/or omissions, or others on the part of these Defendants, constituted negligence and such negligence was a proximate cause of the occurrence and Plaintiff's resulting damages.

## VI. GROSS NEGLIGENCE AGAINST DEFENDANTS

24.     Plaintiff incorporates all other paragraphs by reference here fully.

25.     The acts or omissions described above, when viewed from Defendants' standpoint, involved an extreme degree of risk, considering the probability and magnitude of the potential harm to Plaintiff and others. Defendants had actual, subjective awareness of this risk but nevertheless proceeded with conscious indifference to Plaintiff's and others' rights, safety, and welfare.

26.     Plaintiff would further show that the damages that Plaintiff sustained as a result of the incident in question were caused by the gross negligence of Defendants acting by and through their employees, agents, officers, and representatives in the course of employment for said Defendants.

27.     Plaintiff would further show that Defendants ratified and failed to repudiate their agent's gross negligence. As such, Defendants are grossly negligent and should be subjected to exemplary damages.

## VII. DAMAGES

28.     As a direct and proximate result of the incident made the basis of this lawsuit and the negligence of Defendants described above, Plaintiff sustained substantial damages to real property and personal property. Those damages include, but are not limited to, the following:

    a. Mental anguish in the past and future;

    b. Reasonable and necessary cost of medical care and treatment in the past and future;

    c. Physical impairment and disfigurement in the past and future;

    d. Lost earning capacity in the past and future;

    e. The value of real and personal property destroyed by the fire in question;

    f. The replacement value of personal property with no readily obtainable market value destroyed by the fire in question;

    g. The cost to repair personal property damaged by the fire in question;

    h. The loss of use of personal and real property because of the damage caused by the fire in question;

    i. The cost to repair the real property damaged by the fire in question, and damages associated with repair and lost use of that real property;

    j. The actual and intrinsic value of vegetation destroyed by the wildfire in question;

    k. Prejudgment and post-judgment interest; and

    l. Exemplary damages.

## VIII. RULE 47 STATEMENT OF MONETARY RELIEF SOUGHT

29. Plaintiff prefers that the jury determine the fair amount of compensation for his damages. It is too early in this case to assess the full nature and scope of damages, and Plaintiff places the decision regarding the amount of compensation to be awarded in the jury's hands. Rule 47 of the Texas Rules of Civil Procedure, however, requires Plaintiff to provide a statement regarding the amount of monetary relief sought. Accordingly, Plaintiff states that monetary relief of over $1,000,000, in an amount to be determined by the jury, is being sought.

## IX. DEMAND FOR TRIAL BY JURY

30. Pursuant to Rule 216 of the Texas Rules of Civil Procedure, Plaintiff demands a trial by jury and have/will tender the appropriate fee.

## X. NOTICE TO PRESERVE EVIDENCE

31. Plaintiff hereby demand that all Defendants preserve and place a litigation hold on all documents, tangible things, and electronically stored information that arise out of or relate to the incident made the basis of this suit, further described elsewhere herein. Failure to do so may subject Defendants to sanctions.

## XI. DUTY TO DISCLOSE

32. Pursuant to Texas Rule of Civil Procedure 194.1, Defendants are required to provide the information or material described in Rule 194.2, 194.3 and 194.4 without awaiting a discovery request from Plaintiff.

## XII. RULE 193.7 NOTICE

33. Pursuant to Rule 193.7 of the Texas Rules of Civil Procedure, Plaintiff hereby gives actual notice to Defendants that any and all documents produced may be used against the Defendants producing the documents at any pretrial proceeding and/or at the trial of this matter without the necessity of authenticating the documents.

## XIII. RESERVATION OF RIGHTS

34. The above allegations against Defendants are made acknowledging that investigation and discovery, although undertaken, are continuing in this matter. As further investigation and discovery are conducted, additional facts may be uncovered that necessitate additional, different, or different allegations, including the potential to add or dismiss parties from the case. The right to do so, under Texas law, is expressly reserved.

## XIV. PRAYER

35. For the foregoing reasons, Plaintiff prays that Defendants be cited to appear and answer, and that judgment be entered against Defendants for:

    a.    Actual damages above the jurisdictional minimum of the Court, further

    outlined above:

b.  All costs of court expended herein;

c.  Pre-judgment and post-judgment interest at the maximum rate allowed by law;

d.  Exemplary damages; and

e.  All other relief to which Plaintiff is justly entitled.

            **[SIGNATURE BLOCK ON FOLLOWING PAGE]**

Respectfully submitted,

**WEBSTER VICKNAIR MACLEOD**

By: */s/ Jason C. Webster*
    **Jason C. Webster**
    State Bar No. 24033318
    **Heidi O. Vicknair**
    State Bar No. 24046577
    **Gunnar C. Osteen**
    State Bar No. 24149274
    24 Greenway Plaza, Suite 600
    Houston, Texas 77046
    Telephone No.: 713.581.3900
    Facsimile No.:713.581.3907
    **Service: filing@wvmlaw.com**

    **-and-**

**THE WARNER LAW FIRM**

**Michael A. Warner**
State Bar No. 20872700
101 SE 11th Avenue, Suite 301
Amarillo, Texas 79101
Telephone: (806) 372-2595
Facsimile: (866) 397-9054
**mike@thewarnerlawfirm.com**

**ATTORNEYS FOR PLAINTIFF**

# Exhibit 2

**CITATION**
(Civil personal service – TRC 99)

**Cause No. 46552**

**THE STATE OF TEXAS:**

| | | |
|---|---|---|
| **TREVOR DRAKE** | )( | **IN THE 84TH DISTRICT COURT** |
| **PLAINTIFF** | )( | **OF** |
| **VS.** | )( | **HUTCHINSON COUNTY, TEXAS** |
| **STOUT RISIUS ROSS, LLC AND** | | |
| **DOUGLAS J. BRICKLEY DEFENDANTS** | | |

**TO:** STOUT RISIUS ROSS, LLC
C/O CORPORATION SERVICE COMPANY
D/B/A CSC-LAWYERS INCORPORATION SERVICE COMPANY
211 E 7TH STREET, SUITE 620
AUSTIN, TX  78701

**Defendant,** in the heretofore styled and numbered cause:

**GREETINGS:**

**NOTICE TO DEFENDANT:** "You have been sued.  You may employ an attorney.  If you or your attorney do not file a <u>written answer</u> with the Clerk who issued this citation by 10:00 A.M. on the Monday next following the expiration of twenty (20) days after the date you were served this Citation and Petition, a default judgment may be taken against you.  In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit.  These disclosures generally must be made no later than 30 days after you file your answer with the clerk.  Find out more at TexasLawHelp.org."

The Petition of **Trevor Drake** was filed in said Court on **February 24, 2026,** in the above-entitled Cause. The nature of Plaintiff's demand is fully shown by a true and correct copy of Plaintiff's Petition, which accompanies this Citation and made a part hereof.

**WITNESS, TAMMY MCBRAYER, DISTRICT CLERK** of the **84th District Court** of Hutchinson County, Texas.

**ISSUED AND GIVEN UNDER MY HAND AND SEAL** of said Court, at office in Stinnett, Texas, **on this the 25th day of February, 2026.**

TAMMY MCBRAYER, District Clerk
P.O. Box 580
Stinnett, Hutchinson County, Texas 79083

By: _____
Deputy Clerk

Attorney for Plaintiff:
JASON C. WEBSTER
6200 SAVOY DRIVE SUITE 150
HOUSTON TX  77036
713-581-3900

## OFFICER'S RETURN

| | | |
|---|---|---|
| **46552 TREVOR DRAKE** | )( | **84TH DISTRICT COURT** |
| **PLAINTIFF** | )( | **IN AND FOR** |
| | )( | **HUTCHINSON COUNTY, TEXAS** |
| **VS.** | | |
| **STOUT RISIUS ROSS, LLC AND** | | |
| **DOUGLAS J. BRICKLEY DEFENDANTS** | | |

**ADDRESS FOR SERVICE:**
**STOUT RISIUS ROSS, LLC**
**C/O CORPORATION SERVICE COMPANY**
**D/B/A CSC-LAWYERS INCORPORATION SERVICE COMPANY**
**211 E 7TH STREET, SUITE 620**
**AUSTIN, TX  78701**

Came to hand on the _____day of _____, 20_____, at _____, o'clock ____.m. and executed in _____County, Texas, by delivering to each of the within named defendants in person, a true copy of the Citation with the date of delivery endorsed thereon, together with the accompanying copy of the Original Petition (OCA), at the following times and places, to-wit:

| Name | Date/Time | Place, Course and Distance from Courthouse |
|---|---|---|
| _____ | _____ | _____ |

And not executed as to the defendant(s) being: _____

The diligence used in finding said defendant(s) being: _____

And the cause or failure to execute this process is: _____

And the information received as to the whereabouts of said defendants(s) being: _____

**FEES:**
Serving Petition and Copy $_____
Total                          $_____

_____, Sheriff

_____, County, TX

By: _____, Deputy

_____
Affiant

**COMPLETE IF YOU ARE A PERSON OTHER THAN A SHERIFF, CONSTABLE, OR CLERK OF THE COURT.**
In accordance with Rule 107: The officer or authorized person who serves, or attempts to serve a citation, shall sign the return. The return must either be verified or be signed under penalty of perjury. A return signed under penalty of perjury must contain the statement below in substantially the following form:
"My name is _____, my date of birth is _____, and my address
                (First, Middle, Last)
_____
(Street, City, Zip)
I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.
Executed in _____ County, State of _____ on the _____ day of _____.

_____
Declarant/Authorized Process Server

_____
(Id # & expiration of certification)

**CITATION**
(Civil personal service – TRC 99)

**Cause No. 46552**

**THE STATE OF TEXAS:**

| | | |
|---|---|---|
| **TREVOR DRAKE** | )( | IN THE 84TH DISTRICT COURT |
| **PLAINTIFF** | )( | OF |
| **VS.** | )( | HUTCHINSON COUNTY, TEXAS |
| **STOUT RISIUS ROSS, LLC AND** | | |
| **DOUGLAS J. BRICKLEY DEFENDANTS** | | |

TO: DOUGLAS J BRICKLEY
 1000 MAIN STREET
 SUITE 3200
 HOUSTON, TX  77002

**Defendant,** in the heretofore styled and numbered cause:

**GREETINGS:**

**NOTICE TO DEFENDANT:** "You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the Clerk who issued this citation by 10:00 A.M. on the Monday next following the expiration of twenty (20) days after the date you were served this Citation and Petition, a default judgment may be taken against you. In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk. Find out more at TexasLawHelp.org."

The Petition of **Trevor Drake** was filed in said Court on **February 24, 2026,** in the above-entitled Cause. The nature of Plaintiff's demand is fully shown by a true and correct copy of Plaintiff's Petition, which accompanies this Citation and made a part hereof.

**WITNESS, TAMMY MCBRAYER, DISTRICT CLERK** of the **84th District Court** of Hutchinson County, Texas.

**ISSUED AND GIVEN UNDER MY HAND AND SEAL** of said Court, at office in Stinnett, Texas, **on this the 25th day of February, 2026.**

TAMMY MCBRAYER, District Clerk
P.O. Box 580
Stinnett, Hutchinson County, Texas 79083

By: _Adessa Francis_
 Deputy Clerk

Attorney for Plaintiff:
JASON C. WEBSTER
6200 SAVOY DRIVE SUITE 150
HOUSTON, TX  77036
713-581-3900

## OFFICER'S RETURN

| | | |
|---|---|---|
| **46552 TREVOR DRAKE** | )( | **84TH DISTRICT COURT** |
| **PLAINTIFF** | )( | **IN AND FOR** |
| | )( | **HUTCHINSON COUNTY, TEXAS** |
| **VS.** | | |
| **STOUT RISIUS ROSS, LLC AND** | | |
| **DOUGLAS J. BRICKLEY DEFENDANTS** | | |

**ADDRESS FOR SERVICE:**
**DOUGLAS J BRICKLEY**
**1000 MAIN STREET**
**SUITE 3200**
**HOUSTON, TX  77002**

Came to hand on the _____ day of _____, 20_____, at _____, o'clock ____.m. and executed in _____ County, Texas, by delivering to each of the within named defendants in person, a true copy of the Citation with the date of delivery endorsed thereon, together with the accompanying copy of the Original Petition (OCA), at the following times and places, to-wit:

**Name**            **Date/Time**                **Place, Course and Distance from Courthouse**
_____        _____          _____

And not executed as to the defendant(s) being: _____

The diligence used in finding said defendant(s) being: _____

And the cause or failure to execute this process is: _____

And the information received as to the whereabouts of said defendants(s) being: _____

**FEES:**
Serving Petition and Copy $_____
Total                  $_____

_____, Sheriff

_____, County, TX

By: _____, Deputy

_____
Affiant

**COMPLETE IF YOU ARE A PERSON OTHER THAN A SHERIFF, CONSTABLE, OR CLERK OF THE COURT.**
In accordance with Rule 107: The officer or authorized person who serves, or attempts to serve a citation, shall sign the return. The return must either be verified or be signed under penalty of perjury. A return signed under penalty of perjury must contain the statement below in substantially the following form:
"My name is _____, my date of birth is _____, and my address
        (First, Middle, Last)
_____
(Street, City, Zip)
I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.
Executed in _____ County, State of _____ on the _____ day of _____.

Declarant/Authorized Process Server

(Id # & expiration of certification)