IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | |
|---|---|
| TREVOR DRAKE, | |
| Plaintiff, | |
| v. | 2:26-CV-040-Z |
| STOUT RISIUS ROSS, LLC, *et al.*, | |
| Defendants. | |

**MEMORANDUM OPINION AND ORDER**

Before the Court is Defendants' Notice of Removal, filed February 26, 2026. ECF No. 1. This action "relates to now-pending bankruptcies in the United States Bankruptcy Court for the Southern District of Texas." *Id.* at 1. The Court considers sua sponte if transfer of this action is appropriate. *See Orix Fin. Corp. v. Nexbank, SSB*, No. CIV A 308-CV-550, 2008 WL 2796069, at *4 (N.D. Tex. July 15, 2008) (district courts can transfer cases sua sponte pursuant to 28 U.S.C. Section 1404(a) and 1412). For the reasons stated below, the Court **TRANSFERS** this case to the Southern District of Texas, Houston Division.

**BACKGROUND**

Plaintiff filed a Petition against the Defendants in the 84th District Court of Hutchinson County, Texas on February 24, 2026. ECF No. 1-6. In the Petition, Plaintiff alleges he suffered injury from the Windy Deuce Fire, a wildfire that began on February 26, 2024 and burned more than 144,000 acres across the Texas Panhandle. *Id.* at 5–6. Plaintiff alleges that the fire was caused by malfunctioning equipment owned by Polaris Operating, LLC ("Polaris"). *Id.*

At the time of the fire, Polaris was and currently remains the debtor in bankruptcy cases styled *In re Polaris Operating, LLC, et al.*, Case No. 23-32810 (CML) (the "Bankruptcy Cases")

pending in the United States Bankruptcy Court for the Southern District of Texas (the "Bankruptcy Court"). ECF No. 1 at 1–2. The bankruptcy proceeding was originally filed in the Southern District of Texas, Houston Division. ECF No. 1-6 at 4. The Bankruptcy Court appointed Defendant Brickley to serve as Chief Reorganization Officer for Polaris. ECF No. 1 at 2. Defendant Stout Risius Ross, LLC served as the Bankruptcy Court-appointed financial advisor to Polaris and employs Defendant Brickley. *Id.* Plaintiff alleges the Defendants "assumed control" over Polaris's business operations and left "electrical infrastructure and equipment... energized and uninspected" before resuming operations. ECF No. 1-6 at 5. Thus, Plaintiff argues, "[t]he fire occurred as a direct and proximate result of Defendants' negligence." *Id.* at 6.

On February 24, 2026, Defendants removed this action to this court "because this case is a civil action that arises in and/or is related to the Bankruptcy Cases." ECF No. 1 at 3.

ANALYSIS

I.      **Subject Matter Jurisdiction**

A district court must determine that it has subject matter jurisdiction before it transfers an action. *See Sanders v. ExxonMobil Corp.*, No. SA-08-CA-590, 2008 WL 11417386, at *7 (W.D. Tex. Sept. 30, 2008) (collecting cases); *but see Marquette Transp. Co. v. Trinity Marine Prods., Inc.*, No. CIVA 06-826, 2006 WL 2349461, at *2 (E.D. La. Aug. 11, 2006) (deciding transfer without deciding jurisdiction in the bankruptcy context). Thus, the Court will first assess its subject matter jurisdiction before moving on to transfer analysis.[1]

28 U.S.C. Section 1334(b) lists four types of bankruptcy proceedings over which district courts have jurisdiction: (1) "cases under title 11"; (2) "proceedings arising under title 11"; (3) proceedings "arising in" a case under title 11; and (4) proceedings "related to" a case

---

[1] The Court considers jurisdiction only for the purpose of this transfer order. The Bankruptcy Court— which is more familiar with bankruptcy-specific jurisdictional rules—may of course reconsider and may come to a different conclusion.

under title 11. *See In re Wood*, 825 F.2d 90, 92 (5th Cir. 1987); *In re U.S. Brass Corp.*, 301 F.3d 296, 303 (5th Cir. 2002). The Defendants allege both "arising in" and "related to" jurisdiction here. ECF No. 1 at 3. But the Court only needs to consider if the matter is "related to" the bankruptcy:

> For the purpose of determining whether a particular matter falls within bankruptcy jurisdiction, it is not necessary to distinguish between proceedings "arising under", "arising in a case under", or "related to a case under", title 11. These references operate conjunctively to define the scope of jurisdiction. Therefore, it is necessary only to determine whether a matter is at least "related to" the bankruptcy.

*Wood*, 825 F.2d at 93.

"A proceeding is 'related to' a bankruptcy if the outcome of the proceeding could *conceivably* have any effect on the estate being administered in bankruptcy." *U.S. Brass Corp.*, 301 F.3d at 304. A proceeding, even between non-debtors, could conceivably have an effect on the estate—and thus is "related to" a bankruptcy—if it could alter the estate's liabilities. *In re Canion*, 196 F.3d 579, 586–87 (5th Cir. 1999). For example, if the defendants in the proceeding have an indemnification claim against the bankruptcy estate, the outcome of the proceeding could have an effect on the estate, creating "related to" jurisdiction. *Belcufine v. Aloe*, 112 F.3d 633, 636–37 (3d Cir. 1997).

Here, the parties are non-debtors, but the Defendants are Bankruptcy Court-appointed officers of the debtors. ECF No. 1 at 2. Moreover, the Defendants' alleged negligence is directly related to their operation of the debtors' business. ECF No. 1-6 at 4–6. This raises the question of indemnification. There is no information in this record about whether the Defendants have an indemnity agreement with the debtors. But the Court understands that indemnity for bankruptcy professionals is common. *See United Artists Theatre Co. v. Walton*, 315 F.3d 217, 229 (3d Cir. 2003) (calling indemnification of financial advisors in bankruptcy proceedings a "common market occurrence"). Thus, an indemnity

arrangement here is at least *conceivable*. And *conceivable* is all that is required to give rise to "related to" jurisdiction. *U.S. Brass Corp.*, 301 F.3d at 304; *see also Gulf Fleet Tiger Acquisition, LLC v. Thoma-Sea Ship Builders, LLC*, No. CV 10-144, 2010 WL 11707508, at *2 (E.D. La. Oct. 4, 2010) ("In the Fifth Circuit the 'related to' jurisdictional grant is given a broad interpretation."). Because a judgment against the defendants could create an indemnity claim against the bankruptcy estate, this action is "related to" the Bankruptcy Cases, and this Court has jurisdiction. 28 U.S.C. § 1334(b).

## II. Transfer

There is some dispute as to whether 28 U.S.C. Section 1404(a) (the general transfer statute) or Section 1412 (the bankruptcy transfer statute) is the proper authority to transfer a case "related to" a bankruptcy case. *See LSREF2 Baron, LLC v. Aguilar*, No. 3:12-CV-1242, 2013 WL 230381, at *3–4 (N.D. Tex. Jan. 18, 2013) (explaining the dispute and noting that the Fifth Circuit has not yet resolved it). Transfer under Section 1412 is more lenient than Section 1404(a) for two reasons: "(1) 28 U.S.C. Section 1412 is disjunctive ('in the interest of justice or for the convenience of the parties') and 28 U.S.C. Section 1404(a) is conjunctive ('[f]or the convenience of parties and witnesses, in the interest of justice'); and (2) 28 U.S.C. Section 1404(a) includes an additional requirement that the transferee court be one in which the action could have been brought originally." *Encana Oil & Gas (USA) Inc. v. TSC Sieber Servs., L.C.*, No. 3:09-CV-1791, 2010 WL 3385018, at *1 (N.D. Tex. Aug. 20, 2010) (internal citations omitted). The weight of authority supports applying the more lenient Section 1412 to cases "related to" bankruptcy proceedings. *See LSREF2 Baron*, 2013 WL 230381 at *4 (collecting cases). After a review of the statutes and relevant law, this Court agrees: transfer of a case "related to" bankruptcy proceedings should be governed by 28 U.S.C. Section 1412.

### A. Transfer Analysis Under 28 U.S.C. Section 1412

"A district court may transfer a case or proceeding under title 11 to a district court for

4

another district, in the interest of justice or for the convenience of the parties." 28 U.S.C. § 1412. As noted above, Section 1412 uses the disjunctive "or," meaning the Court can transfer in the interest of justice without considering the convenience of the parties. *See LSREF2 Baron*, 2013 WL 230381, at *4.

Courts consider several factors when deciding whether transferring a case "related to" a bankruptcy case is in the interest of justice, including:

> (1) the economical and efficient administration of the bankruptcy estate, (2) the presumption in favor of the forum where the bankruptcy case is pending, (3) judicial efficiency, (4) the ability to receive a fair trial, (5) the state's interest in having local controversies decided within its borders by those familiar with its laws, (6) the enforceability of any judgment rendered, and (7) the plaintiff's original choice of forum.

*Id.* The most important factor is whether transfer would promote the economical and efficient administration of the bankruptcy estate. *Id.*

Here the first three factors—the efficient administration of the bankruptcy estate, the presumption in favor of the forum where the bankruptcy is pending, and judicial efficiency—all favor transfer. Consolidating the dispute into a single forum with the Bankruptcy Cases reduces the risk of conflicting rulings and promotes judicial efficiency by allowing the court that is already familiar with the facts to preside. It also aligns with "the strong presumption that proceedings related to a bankruptcy case should be transferred to the district where the bankruptcy proceedings are pending." *Id.* at 5. Factors four (ability to receive a fair trial) and six (enforceability of judgment) are neutral: the parties would receive a fair trial and an enforceable judgment in either court. Factors five (state's interest in having the controversy resolved in-state) and seven (plaintiff's original choice of forum) are not relevant here, because both courts are within Texas, and Plaintiff chose a forum (state court) that is not an option in this transfer decision. In light of the foregoing, and especially the strong presumption that cases "related to" the bankruptcy case should be heard in the forum where

the bankruptcy is proceeding, the Court finds that the case should be transferred under Section 1412.

### B. Transfer Analysis Under 28 U.S.C. Section 1404(a)

Alternatively, even if the Court analyzed transfer under Section 1404(a), the Court would find that the case should be transferred. "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). As noted above, Section 1404(a) requires that transfer be in the interest of justice *and* "for the convenience of the parties and witnesses." It also requires that the plaintiff could have originally filed suit in the transferee court. The Court has "broad discretion in deciding whether to order a transfer" under Section 1404(a). *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 311 (5th Cir. 2008) (quoting *Balawajder v. Scott*, 160 F.3d 1066, 1067 (5th Cir.1998)). The Court already determined that transfer is in the interest of justice, so it will consider the other two factors here.

#### 1. The Plaintiff Could Have Originally Filed Suit in the Transferee Court.

"[A] proceeding arising under title 11 or arising in or related to a case under title 11 may be commenced in the district court in which such case is pending." 28 U.S.C. § 1409(a). As the Court already found, this is a case "related to" a Bankruptcy Case under title 11, so it could have been commenced in the Southern District of Texas, where the Bankruptcy Cases are pending. *See LSREF2 Baron*, 2013 WL 230381, at *7.

#### 2. The Convenience Factor Favors Transfer.

To determine "convenience," courts analyze a number of public and private interest factors. *Action Indus., Inc. v. U.S. Fid. & Guar. Co.*, 358 F.3d 337, 340 (5th Cir. 2004). The private factors include: "(1) the relative ease of access to sources of proof; (2) the availability

6

of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive." *Id.* at 340 n.8. The public factors include: "(1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized controversies decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws of the application of foreign law." *Id.*

The first private factor, access to sources of proof, is neutral. Any document necessary that may be needed for litigation purposes can be easily electronically transported to the Southern District of Texas. *See LSREF2 Baron*, 2013 WL 230381, at *7. The second and third private factors—availability of compulsory process for witnesses and cost of attendance for willing witnesses—weigh against transfer. Because the alleged actions or inactions in this case likely took place in the Northern District, it is likely that witnesses may be based in the Northern District. Compulsory process may not be available for some of these witnesses, and it will likely be more expensive for willing witnesses to travel to the Southern District. The fourth private factor, making trial easy and inexpensive, favors transfer. Because the Bankruptcy Cases are pending in the Southern District of Texas, many factual and legal issues would have to be briefed and analyzed anew in this Court but would not after transfer. The trial will be easier, more expeditious, and less expensive in the Southern District.

The first public factor, administrative difficulties related to court congestion, is neutral. The Court is not aware of any issues related to court congestion in Southern District of Texas Bankruptcy Court, and even if there were, the efficiencies of having this case in the same forum as the Bankruptcy Cases would outweigh them. The second factor, the local interest in having local issues decided at home, weighs against transfer. The alleged negligence, and the Windy Deuce Fire, occurred in the Northern District of Texas. The Court

notes, however, that it weighs this factor less because transfer would still be within Texas. The third public factor, the familiarity of the forum, weighs strongly in favor of transfer. The Bankruptcy Court in the Southern District of Texas, where the Bankruptcy Cases are pending, is already familiar with the facts related to the bankruptcy proceeding, which will be central in this case. *See LSREF2 Baron*, 2013 WL 230381, at *8. The fourth public factor, the avoidance of foreign law and conflict of laws issues, is neutral because this transfer would be within Texas, which is the state law that applies to these claims.

Weighing these factors, the Court finds that the convenience of the parties favors transfer. While this transfer moves the case out of the district where the alleged negligence happened and the injuries were sustained, the case is still staying within Texas. The convenience of having the case heard in the forum where the Bankruptcy Cases are proceeding, where the Court is already familiar with the facts and the parties will avoid duplicate work, outweighs the cost of transferring this action to another District in Texas. Thus, the Court finds that this case should be transferred even if it had to apply Section 1404(a).

CONCLUSION

For the reasons stated above, transfer of this action to the court where the Bankruptcy Cases are proceeding is appropriate. Accordingly, the Clerk of the Court is **DIRECTED** to **TRANSFER** this case to the United States District Court for Southern District of Texas, Houston Division, for possible referral to the Bankruptcy Court.

SO ORDERED.

March 6, 2026

MATTHEW J. KACSMARYK
UNITED STATES DISTRICT JUDGE